### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOLE VILLANUEVA, | : |
| Plaintiff, | : |
| v. | : C.A. No. 04-258-JJF |
| CHRISTIANA CARE HEALTH SERVICES, INC. | : |
| Defendant. | : |

### PRE-TRIAL ORDER

The Attorneys of record submit the following Order:

**(1)   STATEMENT OF THE NATURE OF THE ACTION**

Plaintiff Nicole Villanueva (hereinafter "Villanueva" or "Plaintiff") filed the instant Complaint against Defendant Christiana Care Health Services, Inc. (hereinafter "Christiana Care" or "Defendant"), asserting a claim of pregnancy discrimination arising out of Christiana Care's alleged failure to treat Plaintiff in a manner similar to her non-pregnant counterparts and ultimately, terminating Plaintiff from her employment allegedly based on her pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C., §2000e-12, et seq. (hereinafter referred to as "Title VII" and/or "PDA"). Further, Plaintiff seeks back pay, front pay, compensatory and punitive damages and costs and attorneys' fees from Defendant.

**(2)   STATUTORY BASIS FOR FEDERAL JURISDICTION**

Plaintiff's Complaint alleges that Defendant discriminated against her because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended by the

Pregnancy Discrimination Act, 42 U.S.C. § 2000e-1 et seq. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. §1331.

**(3) STATEMENT OF FACTS THAT ARE ADMITTED AND REQUIRE NO FORMAL PROOF**

A. Plaintiff worked as an EKG Technician at Cardiologist Consultants, PA in Newark, Delaware from July 1999 through January 2001.

B. Christiana Care hired Plaintiff on November 8, 2002, and Plaintiff began working at Christiana Care's Christiana Hospital, in Wilmington, Delaware on December 2, 2002.

C. During the relevant time period, Plaintiff worked as a Patient Care Technician II ("PCT II"), which is a split position that combines the job functions of a PCT and a unit clerk.

D. Plaintiff's position was in Christiana Hospital's Transitional Surgical Unit ("TSU").

E. Plaintiff's direct supervisor was Carole Dye, the TSU Patient Care Coordinator.

F. Carole Dye's supervisor was Karen McCloud, the nurse manager of the TSU and the 5D unit.

G. Christine Collins was the director of Christiana Care's Employee Health Services during the relevant time period.

H. Plaintiff was removed from Christiana Care's payroll on April 24, 2003.

I. Plaintiff was pregnant at the time she was removed from payroll.

J. Plaintiff worked full-time at Little Caboose Inc. daycare in Newark, Delaware, from April 26, 2003 through April 9, 2004.

2

K.      Plaintiff began working full-time at Cardiologist Consultants, PA again in April 2004.

### (4) ISSUES OF FACT THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED

#### A. BY PLAINTIFF

1.      There are genuine issues of material fact as to whether Christiana Care treated Plaintiff differently than similarly situated non-pregnant employees; therefore, summary judgment should not be granted.

2.      There are genuine issues of material fact as to whether Plaintiff was qualified to work as a unit clerk in April 2003. Therefore, summary judgment should not be granted.

3.      There are genuine issues of material fact as to whether Ms. Collins' refusal to clear Plaintiff to return to regular duty was a pretext for pregnancy discrimination. Therefore, summary judgment should not be granted.

#### B. BY DEFENDANT

There are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

### (5) STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED

#### A. BY PLAINTIFF

1.      Whether Plaintiff is able to show, through direct or indirect evidence, that the discrimination complained of was intentional. Shorter v. ICG Holdings, Inc., 188 F.3d 1204, 1207 (10th Cir. 1999).

2.  Whether Plaintiff can establish a prima facie case of disparate treatment on the basis of pregnancy under the <u>McDowell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04, 36 L. Ed.2nd 668, 93 S. Ct. 1817 (1973) burden-shifting framework.

3.  Whether Christiana Care violated the Pregnancy Discrimination Act when it denied Plaintiff a benefit generally available to temporarily disabled workers who were similarly situated in their ability or inability to work. <u>Ensley Gaines v. Runyon</u>, 100 F.3d 1220 (6th Cir. 1996) at 1126.

4.  Whether Plaintiff can show that her pregnancy was a determinative factor in Christiana Care's employment decision, or show that Christiana Care's explanation for its action was merely a pretext. <u>Atchley v. Nordam Group, Inc.</u>, 180 F.3d 1143, 1143-49 (10th Cir. 1999).

**B.   BY DEFENDANT**

1.  Whether there is sufficient evidence to create a triable issue as to whether: (1) Christiana Care provided the benefit demanded by Plaintiff to any similarly-situated non-pregnant employees, and (2) Plaintiff was qualified to work as a unit clerk. <u>In re Carnegie Center Assocs.</u>, 129 F.3d 290, 297 (3d Cir. 1997); <u>Weaver v. U.P.S., Inc.</u>, No. Civ. A. 02-1401, 2004 WL 395881, at *4 (D. Del. Jan. 30, 2004) ("For an alleged comparator to be considered similarly situated, a plaintiff must present evidence that the individuals with whom he or she wishes to be compared are similarly situated in all material respects."); <u>Spivey v. Beverly Enter., Inc.</u>, 196 F.3d 1309, 1312-13 (11th Cir. 1999) (affirming summary judgment on Pregnancy Discrimination Act claim because plaintiff's lifting restriction rendered her unqualified to work as nursing assistant).

2. Whether there is sufficient evidence to create triable issues as to whether Christiana Care's stated legitimate reasons for its decisions to continue Plaintiff's sedentary work restriction and to remove Plaintiff from the payroll were false, and that Plaintiff's pregnancy was the real reason for the decisions. Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

3. Whether there is sufficient evidence to create a triable issue as to whether Plaintiff is entitled to damages for lost wages and day care expenses.

**(6) LIST OF EXHIBITS – By Plaintiff**

| Description | Objected to: Yes | No | Grounds for Objection |
|---|---|---|---|
| 1. Christiana Care Employee Health Service Referral dated 4/9/03 (D0234) | | | |
| 2. Dr. Goldenberg's Return to work slip dated 4/10/03 (D0235) | | | |
| 3. Handwritten Notes re: Nicole (D0275-D0274) | X | | FRE 801, FRE 902 |
| 4. Christiana Care Letter and return receipt dated 4/24/03 that she is removed from payroll (D0243) | | | |
| 5. Dr. Goldenberg Office Note dated 10/19/04 (D0117-D0119) | | | |
| 6. Cardiology Associates Medication and Allergy Sheet dated 4/8/03 (D0121) | | | |
| 7. Cardiology Consultants' Office Note regarding call to Plaintiff dated 4/23/03 (D0122) | | | |
| 8. Cardiology Consultants' Office Note re Plaintiff's call to office dated 4/22/03 (D0123) | | | |
| 9. Cardiology Consultants' Office Note regarding Plaintiff's call to office dated 4/9/03 (D0124) | | | |
| 10. Cardiology Consultants' Office Note regarding call to Plaintiff dated 4/16/03 (D0125) | | | |
| 11. Dr. Goldenberg's Office Letter to Dr. Ostrum dated 4/8/03 (D0126-0127) | | | |
| 12. Cardiology Consultants' Office | | | |

| | | | |
|---|---|---|---|
| Notes dated 5/30/00-8/17/00 (D0132-D0128) | | | |
| 13. Dr. Goldenberg's handwritten office note, undated (D0138) | | | |
| 14. Note from Carol Wissler dated April 19, 01 (Exhibit Goldenberg 14, unnumbered) | | | |
| 15. Dr. Goldenberg's Note dated 4/8/03 (D0233) | | | |
| 16. Dr. Goldenberg's Office note dated 4/10/03 (D0235) | | | |
| 17. Employment Reference/Education Sheet dated 10/25/02 (D0173) | | | |
| 18. K. Barnes' Letter to Plaintiff dated 11/8/02 (D0172) | | | |
| 19. Overall Review Sheet of Plaintiff dated 4/24/03 (D0331) | | | |
| 20. Performance Review Summary dated 4/24/03 (D0285-0287) | | | |
| 21. Job Classification Sheet (D0464) | | | |
| 22. Dr. El-Roeiy's Return to work slip dated 12/12/02 (D0350) | | | |
| 23. Christiana Care Health Services, Health Initiatives, Health Plans Employee Handbook (D0001-D0021) | | | |
| 24. Employee Health Service Referral dated 4/15/03 (D0208) | | | |
| 25. Memo to Kerry DelGado from Christine Collins dated 6/24/03 (D0247) | | | |
| 26. Christiana Care Job Specification for Patient Care Technician II (D0259-D0262) | | | |
| 27. Christiana Care Employee Relations Practices (D0022-D0023) | | | |
| 28. Management Responsibilities Relative to Human resources (D0024-D0033) | | | |
| 29. Policy D-1 Leaves of Absences (D0036-0043) | | | |
| 30. Job Classification Sheet all clerical for CCHS (D0464) | | | |
| 31. Hiresystems System – View Job Requisition: Job Requisition Details (D0162) | | | |

6

| Description | Objected to: Yes | No | Grounds for Objection |
|---|---|---|---|
| 32. Christiana Care Supervisory Policy Manual (D0237-D0242) | | | |
| 33. All deposition transcripts to the extent they are admissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure | | | |
| 34. Defendant's Answers to Interrogatories. | | | |

**Additionally, Plaintiff expects to rely upon any and all exhibits herein listed and/or relied upon by Defendant.**

| Description | Objected to: Yes | No | Grounds for Objection |
|---|---|---|---|
| **B. BY DEFENDANT** | | | |
| 1. Nicole Villanueva Resume (D0169 – D0170) | | | |
| 2. Nicole Villanueva Employment/Reference/Education Information (D0173 – D0174) | | | |
| 3. Note from Albert El-Roeiy, M.D., M.B.A. dated 12/02/2002 (D0350) | | | |
| 4. Letter from Edward M. Goldenberg, M.D. to Dr. Gordon Ostrum, M.D. dated 4/8/2003 (D0126 – D0127) | | | |
| 5. Note from Dr. Edward M. Goldenberg, M.D. dated 4/8/2003 (D0233) | | | |
| 6. Christiana Care Employee Health Service Referral Form dated 4/9/2003 (D0204) | | | |
| 7. Cardiology Consultants, PA Note dated 4/9/2003 (D0124) | | | |
| 8. Cardiology Consultants, PA Note dated 4/10/2003 (D0206) | | | |
| 9. Christiana Care Employee Health Service Referral Form dated 4/15/2003 (D0208) | | | |
| 10. Cardiology Consultants, PA Note dated 4/22/2003 (D0123) | | | |

| | | | |
|---|---|---|---|
| 11. Cardiology Consultants, PA Note dated 4/23/2003 (D0122) | | | |
| 12. Letter from Karen McCloud, RN to Nicole Villanueva dated 4/24/2003 (D0218) | | | |
| 13. Memo from Christine Collins to Kerry Delgado dated 6/24/2003 (D0247) | | | |
| 14. Unit Clerk Job Specification and Physical Demands Checklist (D0361 – D0364) | | | |
| 15. Patient Care Technician II Job Specification and Physical Demands Checklist (D0259 – D0262) | | | |
| 16. Employee Handbook (D0001 – D0021) | | | |
| 17. Employee Relations Practices Booklet (D0022 – D0023) | | | |
| 18. Management Responsibilities Relative to Human Resources Policy (D0024 – D0033) | | | |
| 19. Leaves of Absence Policy (D0036 – D0043) | | | |
| 20. Christiana Care Unit Clerk Job Chart D0464) | | | |
| 21. Nicole Villanueva 2003 W-2 Forms (ME 0005) | | | |
| 22. Nicole Villanueva Form W-2 and Tax Statement 2003 (ME 0004) | | | |
| 23. Nicole Villanueva Form W-2 and Tax Statement 2004 (ME 0026) | | | |
| 24. Nicole Villanueva 2004 W-2 and Earnings Summary 2004 (ME 0025) | | | |
| 25. Nicole Villanueva Little Caboose Earning Statements from 4/26/2003 through 5/7/2004 (ME 0043 – 0062) | | | |
| 26. Nicole Villanueva Cardiology Consultants, PA Earning Statements from 5/15/2004 through 11/26/2005 (ME 0063 – ME 0115) | | | |
| 27. Nicole Villanueva Child and Dependent Care Expenses 2003, 2004, and 2005 (ME 0091, ME 0092, ME 0117) | | | |
| 28. Plaintiff's Answers to Defendant's First Set of Interrogatories | | | |

| | | | |
|---|---|---|---|
| 29. Letter from Lori Brewington to Thomas Bloom dated 2/28/2006 re computation of damages | XX | | Letter was sent from Plaintiff's Counsel to Tom Bloom, Esquire, counsel for Defendant, for the purpose of settlement negotiations. Under FRE 408, this exhibit is not admissible as evidence. |
| 30. All deposition transcripts to the extent that they are admissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure | | | |

(7)  **NAMES OF WITNESSES**

    A.    **BY PLAINTIFF**

        1.    Nicole Villanueva - Plaintiff

        2.    Chris Collins – Christiana Care

        3.    Kerry Delgado – Christiana Care

        4.    Carol Dye – Christiana Care

        5.    Karen McCloud – Christiana Care

        6.    Dr. Goldenberg – Cardiology Consultants, P.A.

        7.    Kealey Barnes – Christiana Care

        8.    Rebecca Goldstein – Christiana Care

        9.    Dr. Gordon Ostrum – 4745 Ogletown-Stanton Road, Newark, DE 19713

        10.    Catherine Ross - Christiana Care

        11.    Nicole Markel – Christiana Care

        12.    Laura Crosby – Christiana Care

        13.    Diana Stewart-Hockessin Fire Company

**Additionally, Plaintiff reserves the right to call any and all witnesses listed herein by Defendant.**

    B.    **BY DEFENDANT**

        1.    Christine M. Collins
               Christiana Care

2.  Carole Dye
    Christiana Care

3.  Karen E. McCloud
    Christiana Care

4.  Kerry Delgado
    Christiana Care

5.  Rebecca Goldstein
    Christiana Care

6.  Angela Drummond
    Christiana Care

7.  Nicole Villanueva
    Plaintiff

8.  Edward M. Goldenberg, M.D.
    Cardiology Consultants, PA

9.  Defendant reserves the right to call any witnesses identified by Plaintiff.

**(8)  A BRIEF STATEMENT OF WHAT PLAINTIFF INTENDS TO PROVE**

Plaintiff intends to prove that Dr. Goldenberg, Plaintiff treating physician, did not restrict Plaintiff to work on sedentary duty.

Plaintiff intends to prove that there was alternative work available both in and outside Plaintiff's department that she could perform consistent with her doctor's suggestion of sedentary duty.

Plaintiff intends to prove that she was qualified and trained to work as a unit clerk.

Plaintiff intends to prove that the decision-makers with respect to Plaintiff's employment were motivated by anti-pregnancy animus.

Plaintiff intends to prove that Plaintiff was treated differently than similarly situated non-pregnant employees. Specifically, Christiana Care allowed non-pregnant employees with physical limitations to work in less than full duty positions, including the unit clerk position.

**(9)   A BRIEF STATEMENT OF DEFENDANT'S DEFENSES**

Plaintiff has the burden of proof in this case. Christiana Care will defend its actions at trial by establishing that its stated reasons for following Plaintiff's sedentary duty restriction and its reasons for terminating her are legitimate and true, and therefore, that Christiana Care did not discriminate against Plaintiff. Christiana Care's factual and legal defenses in this case are discussed in detail in its Motion for Summary Judgment and accompanying briefs.

Christiana Care will establish its defenses primarily through the testimony of the Christiana Care decision-makers.

**(10)   CERTIFICATION OF SETTLEMENT**

**(11)   AMENDMENTS TO THE PLEADINGS**

There are no amendments to the pleadings.

**(12)   OTHER MATTERS**

**A.   BY PLAINTIFF**


**B.   BY DEFENDANT**

1.   Christiana Care filed a Motion for Summary Judgment on May 31, 2006. That Motion is currently pending before this Court.

## ORDER TO CONTROL ACTION

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.


Dated: September 11, 2006

/s/ Lori A. Brewington
Jeffrey K. Martin, Esquire
Lori A. Brewington, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
Attorneys for Plaintiff Nicole Villanueva


  /s/ David H. Wiliams
David H. Williams, Esquire
MORRIS, JAMES, HITCHENS &
WILLIAMS LLP
222 Delaware Ave., 10th Floor
P.O. Box 2306
Wilmington, DE  19899
302.888.6900

/s/ Thomas S. Bloom
Michael J. Ossip (admitted pro hac vice)
Thomas S. Bloom (admitted pro hac vice)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
215.963.5543

Attorneys for Defendant Christiana Care
Health Services, Inc.

.